THOMPSON, Judge,
dissenting.
I would affirm the partial summary judgment; therefore, I respectfully dissent.
“A court cannot be put in error if its ruling is proper, even though it assigns the wrong reasons.” Bennett v. Bennett, 454 So.2d 535, 538 (Ala.1984). Section 25-5-11.1, Ala.Code 1975, provides that “[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers’ compensation benefits under this chapter.” The evidence in the record supports the trial court’s judgment precluding liability for retaliatory discharge because there is sufficient evidence in the record to indicate that Gilliam would not have been terminated solely for seeking workers’ compensation benefits. In fact, no evidence in the record would support an inference that Gilliam’s seeking workers’ compensation benefits had any effect on Akzo’s decision to attempt to terminate his employment.
Akzo was seeking to terminate Gilliam both for the repeated lies Gilliam admits he told the employer regarding his injury and his treatment and for his repeated, unauthorized absences from work. Once during his three years’ employment with Akzo, Gilliam had been before a company review board because of unauthorized absences. Gilliam’s own testimony was that at the time of his injury he was within one or two unauthorized absences of having to appear again before that company review board for possible discipline. At least one of the lies Gilliam now admits he told his employer after his injury was related to explaining unauthorized absences from work.
The evidence is essentially undisputed, and it establishes that Akzo had sufficient reason to discharge Gilliam from his employment. There is no indication that Gilliam’s seeking workers’ compensation benefits was in any way related to, much less the sole reason for, Akzo’s decision to attempt to terminate Gilliam’s employment. I also believe that the beneficent purpose of the Workers’ Compensation Act is not served by preserving a cause of action for retaliatory discharge under that Act where the worker has admitted to repeatedly lying about the circumstances surrounding his injury and treatment. I do not believe the legislature ever intended such a result.
Because I believe that, as a matter of law, Akzo could not be liable for retaliatory discharge under the facts of this ease, I would *450 affirm the judgment of the trial court; therefore, I respectfully dissent.